IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERI S. SNOW <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, <br><br><br> Defendant. | Court No. 2:15-cv-00735-BCW <br><br> <u>MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER</u> <br><br> Magistrate Judge Brooke C. Wells |

All parties have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  Plaintiff Teri S. Snow ("Plaintiff") seeks judicial review of the determination of the Social Security Administration that denied her applications for DIB and SSI.  Plaintiff, who filed for DIB and SSI in May 2012, alleges disability beginning May 1, 2009.  She claims disability based on low back pain, obesity, sleep apnea, keraconus (an eye impairment), chronic abdominal pain, depressive disorder, headaches, anxiety disorder and panic attacks.

On November 30, 2016, the Court heard oral argument on Plaintiff's claim. Before oral argument, the Court carefully considered the parties' briefs, administrative record and relevant case law.  At oral argument, the Court determined that the case would be REMANDED but indicated an order with additional analysis would be forthcoming.

---

[1] See 28 U.S.C. § 636(c); F.R.C.P. 73; Docket no. 13.

**STANDARD OF REVIEW**

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied."[2]  If supported by substantial evidence, the findings are conclusive and must be affirmed.[3] Substantial evidence is "more than a scintilla, but less than a preponderance."[4] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[5]

In addition, a reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ's.[6]  The Court "…may not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo."[7]  Lastly, "[t]he failure to apply the correct legal standard[s] or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[8]

---

[2] Mays v. Colvin, 739 F.3d 569, 571 (10th Cir. 2014).
[3] Richardson v. Perales, 402 U.S. 389, 401 (1981).
[4] Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).
[5] Zolanski v. FAA, 372 F.3d 1195, 1200 (10th Cir. 2000).
[6] Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000).
[7] Lax, 489 F.3d at 1084 (quoting Zoltanski, 372 F.3d at 1200).
[8] Jensen v. Barnhart, 436 F.3d 1163, 1165 (10th Cir. 2005)(internal citations omitted).

## ANALYSIS

At oral argument, and in her briefing, Plaintiff argued the following issues require remand:  1) The ALJ performed a faulty Step 2 analysis, and further failed to consider all impairments when determining the Plaintiff's residual functional capacity.  2) Errors in determining the RFC caused the ALJ to further err in propounding an incomplete hypothetical to the vocational expert, thereby prejudicing the Plaintiff by relying on the VE testimony which was not supported by substantial evidence. 3) The ALJ's analysis of the treating physician opinion was inadequate and unsupported by the record. 4) The ALJ performed an improper Step 4 analysis, failing to describe Plaintiff's past relevant work and failing to compare Plaintiff's current RFC with the duties of her past relevant work. 5) The ALJ and the Appeals Council failed to properly consider new and material evidence.

The Court finds Issue 3 to be dispositive.  Moreover, this error may have led to a faulty RFC at step four.  Specifically, the Court finds the ALJ erred in two regards. First, with regard to giving Dr. Brown's opinion "little weight", the ALJ failed to give appropriate deference to Dr. Brown as Plaintiff's treating physician for over 10 years and/or by failing to provide legitimate reasons for discounting his opinions.  Second, the ALJ found that Dr. Brown's mental assessment is not consistent with his treatment notes and Ms. Snow's other mental health treatment.  This finding is not supported by substantial evidence.  This error may have created or intensified an error at step 4.

**1. The ALJ failed to give legitimate reasons for discounting Dr. Brown's opinion.**

The ALJ gave "little weight" to the opinions of Dr. Brown, Plaintiff's treating physician. In doing so, the ALJ noted "Although [Dr. Brown] treated the claimant over time…he is not specialized and his opinions are inconsistent internally, with his own progress notes and with other medical evidence."[9]  In support of this contention, The ALJ points to the times in Dr. Brown's assessment of physical activities and notes that his answers "do not add up to 8 hours."[10] Dr. Brown specifically notes that Ms. Snow cannot perform any "heavy lifting or standing."[11]  He indicates that in any of her activities, she would need to be able to adjust her posture and back as needed.[12] And he indicates she needs to rest or lay down for four hours per day.[13]  But other than Dr. Brown's failure to account for an 8-hour work day in Plaintiff's physical activity assessment, the ALJ does not specifically address any additional inconsistencies, which would lead to assigning "little weight" to his opinions.  Indicating physical activity for only 7 hours in a work day rather than the required 8 hours appears to be a typographical error not one of analysis and Dr. Brown's opinions should not be discounted for this reason alone.

Considering the longstanding relationship that Plaintiff had with Dr. Brown and the view that treating physician opinions ought to be afforded great weight, the Court concludes that the ALJ had an obligation to provide legitimate reasons for discounting his opinions.  In this case, simply stating that Dr. Brown's opinions are inconsistent internally and inconsistent with his

---

[9] Administrative Record ("AR") at 27.
[10] Id. at 641.
[11] Id.
[12] Id.
[13] AR at 641–642.

own treatment notes—without any citation to the record or to these apparent inconsistencies—is not a legitimate enough reason for discounting his opinions in favor of the opinions of the reviewing agency physicians who at most examined Plaintiff on a one-time or very limited basis.

**2.  Dr. Brown's mental assessment is not inconsistent with his progress notes.**

The ALJ also found that Dr. Brown's mental assessment is inconsistent with his progress notes, which indicate "intermittent complaints that were addressed with medication changes that controlled the reported symptoms."[14]  The ALJ further notes that Dr. Brown's mental assessment is inconsistent with "discharge notations" regarding her mental abilities.  In fact, Ms. Snow's discharge notes from November 5, 2013, illustrate that Ms. Snow stopped seeking mental health treatment because she "found out that she will be cut off from Medicaid at the end of the month as her children are considered adults and that she missed the open enrollment to apply for disability Medicaid.  She admits to feeling emotional about this and is worried that she will not be able to live without her meds."[15]  In addition, treatment notes from November 27, 2013, similarly indicate that "Teri says that this is her last session scheduled for a while as her Medicaid is being cut off at the end of the month. … She has been trying to figure out how to make her meds last as she cannot afford some of them without insurance."[16]  These notes highlight the stress and emotion that Ms. Snow had about ceasing therapy at Wasatch Mental Health and certainly do not indicate that she ceased therapy because her conditions were well managed.

---

[14] Id. at 27.
[15] Id. at 653.
[16] Id.

Moreover, the ALJ indicated that he gave great weight to agency psychiatrists Mark Berkowitz and Robert Brill.[17]  Both psychiatrists indicated "mild" restrictions on daily living, and in difficulty in maintaining social functioning as well as maintaining concentration persistence or pace.[18]  The ALJ gave both psychiatrists "great" weight, yet the ALJ then failed to account for any mental restrictions in calculating the RFC at Step 4.

## CONCLUSION

Thus the ALJ erred in not adequately applying the treating physician rule standards. Further, Dr. Brown's treatment notes do lend support to the ALJ's conclusions as regards Ms. Snow's mental health.  For the foregoing reasons, the Court finds that the Plaintiff's arguments regarding the ALJ's rejection of the Plaintiff's treating and examining physician has merit and warrants remand for further proceedings.

Therefore, because the ALJ did not include any limitations with regard to Ms. Snow's mental health impairments in the RFC, on remand, the ALJ must specifically consider whether these issues led to an inaccurate RFC or an incomplete VE hypothetical at Step 4.

IT IS HEREBY ORDERED that the Commissioner's decision is REVERSED AND REMANDED for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED this 1 December 2016.

Brooke C. Wells
United States Magistrate Judge

---

[17] Id. at 28.
[18] Id. at 89, 99.